UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SALVATORE R. ROMANO  :
:
v.  : C.A. No. 19-00370-WES
:
A.T. WALL, et al.  :

**REPORT AND RECOMMENDATION FOR
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF Doc. No. 2) pursuant to 28 U.S.C. § 1915. On July 9, 2019, Plaintiff, a state inmate, filed a hand-written, pro se Complaint consisting of over 80 pages and over 250 numbered paragraphs. (ECF Doc. Nos. 1, 1-1 and 1-2). The Complaint caption indicates as Defendants that "[t]here are to [sic] many to list here." (ECF Doc. No. 1 at p. 1).[1] Part III of the Complaint names approximately 100 individual Defendants including correctional officers and administrators, state elected officials, medical personnel, an attorney, state police detectives and the secretary to Rhode Island's Governor.[2] (ECF Doc. No. 1 at pp. 2-17). The facts of Plaintiff's Complaint primarily arise out of a July 2, 2017 incident in which Plaintiff claims he was assaulted in the "maximum security yard" by other inmates. Id. at pp. 19-21. He claims that the correctional

---

[1] Rule 10(a) of the Fed. Rules of Civ. P. and Local Rule Cv 5(a)(1) require that the case caption of any pleading asserting a claim such as a Complaint to include the "names of all parties" to the case. Plaintiff's Complaint does not comply with these Rules.

[2] Plaintiff appears to sue the Governor's secretary because his sister called her trying to make an appointment with the Governor without success. (ECF Doc. No. 1 at p. 35).

officers who responded to the assault were "criminally negligent." (ECF Doc. No. 1-1 at p. 3). He appears to claim that the assault was followed by a pattern of unlawful treatment and unsupported discipline. Plaintiff's Complaint is accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (ECF Doc. No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaint <u>sua sponte</u> under 28 U.S.C. § 1915(e)(2)(B) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE and with leave to file an Amended Complaint within thirty days.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). <u>See</u> <u>Fridman v. City of N.Y.</u>, 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." <u>Roma Constr. Co. v. aRusso</u>, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis

either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required, but with leave to file an Amended Complaint.

**A.    Rules 8 and 10, Fed. R. Civ. P.**

Pursuant to Rule 8(a), a plaintiff must state his or her claims by way of a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 10(b) requires that a party must state claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." The purpose of these Rules is to place the Court and the defendants clearly on notice as to what the plaintiff is claiming and who he is bringing those claims against. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2nd Cir. 1988) (pleading must allege facts sufficient to allow defendants to prepare a defense against such claims).

As presently drafted, Plaintiff's pro se Complaint is neither short nor plain. Although Plaintiff's Complaint is factually intensive (ECF Doc. No. 1 at pp. 19-60), his legal claims for

relief are conclusory and stated against a large group of Defendants without any clear delineation of their respective involvement. The lack of clarity also flows from Plaintiff's piece-meal filings. In addition to his lengthy, hand-written Civil Rights Complaint (ECF Doc. No. 1), Plaintiff filed a separate twelve-page Statement of Claim and a separate seven-page Statement of Injuries and Relief Sought. (ECF Doc. Nos. 1-1 and 1-2). His Complaint, as presently drafted, does not fairly and adequately put this Court, and many of the named Defendants, on notice as to the particular claims brought against particular Defendants, and the particular facts relevant to such individual claims. Educadores Puertorriquenos En Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) ("[I]n a civil rights action…the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why…"); Bartolomeo v. Liburdi, No. 97-0624-ML, 1999 WL 143097, at *3 (D.R.I. Feb. 4, 1999) (action dismissed as to defendants against whom no factual allegations directed). While dismissal of the present Complaint is recommended, I also recommend that the dismissal be without prejudice and with leave for Plaintiff to file an Amended Complaint to remedy the pleading deficiencies noted herein.

### B. Supervisory Liability

Plaintiff sues a number of so-called "supervisory defendants." He asserts generally that certain individuals knowingly acquiesced in the unconstitutional behavior of subordinates. For instance, he alleges that the former Corrections Director A.T. Wall was "legally responsible for the overall operation of the Department" and such responsibilities were "shared" with Assistant Director James Weeden. (ECF Doc. No. 1 at p. 3). He sues former State Attorney General Peter Kilmartin and current Governor Gina Raimondo for failing to answer letters he sent to them. Id. at p. 35.

In a § 1983 action, only direct, rather than vicarious, liability is available. See Aponte Matos v. Toledo Davila, 135 F.3d 182, 192 (1st Cir. 1998). At a minimum, to support a claim of supervisory liability, a plaintiff must plead facts indicating an "'affirmative link' between the behavior of the subordinate and the action or inaction of his supervisor…such that 'the supervisor's conduct led inexorably to the constitutional violation.'" Maldonado v. Fontanes, 568 F.3d 263, 275 (1st Cir. 2009) (citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("purpose rather than knowledge" is required to impose supervisory liability in a § 1983 action).

The conclusory allegations described above fall far short of alleging the affirmative link necessary to state a plausible claim of supervisory liability under § 1983. Plaintiff fails to clearly identify who he is suing in their supervisory capacity and the factual basis for the required "affirmative link" needed to support a claim of supervisory liability.

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), I further recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE and with leave to file an Amended Complaint within thirty days of the District Court's Order of Dismissal which remedies the numerous pleading deficiencies noted herein. In addition, should Plaintiff choose to file an Amended Complaint, he is advised, first and foremost, to comply with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). He should also ensure that his Complaint:

1. includes the names of all Defendants in the caption;
2. sets forth his allegations in separately-numbered paragraphs;

3. complies with Rule 8(a) of the Federal Rules of Civil Procedure and provides adequate notice to the individual Defendants of the nature and basis of his claims against each of them;

4. states where and when the acts or omissions about which he complains occurred and who allegedly committed those acts or omissions; and

5. states plainly the basis for his individual claim(s) against each Defendant, the right violated and the relief which he is seeking against each.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 15, 2019